**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LN MANAGEMENT LLC SERIES 5884 )
GREENERY VIEW, )
        )  Case No.: 2:13-cv-01033-GMN-NJK
     Plaintiff,  )
 vs.       )  **ORDER**
        )
DONALD C WEIMER, et al.,  )
        )
     Defendants. )
        )
        )

Pending before the Court is the Motion to Remand (ECF No. 12) filed by Plaintiff LN Management LLC Series 5884 Greenery View ("LN Management"), requesting remand of the instant quiet title action, which was originally filed in the Eighth Judicial District Court of Nevada by Plaintiff LN Management.

**I. BACKGROUND**

Plaintiff is a Nevada Limited Liability Company organized under the laws of the State of Nevada seeking quiet title and declaratory relief as to the property located at 5884 Greenery View Lane, Las Vegas, Nevada 89118 ("the property"). (Compl., Ex. 1 to Notice of Removal, ECF No. 1-1.)  Plaintiff seeks to quiet title in its favor as against individual Defendant Donald Weimer[1], and entity Defendant JPMorgan Chase Bank, N.A. ("Chase").

Defendant Chase, as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, and as receiver for Washington Mutual Bank, is the beneficiary under a Deed of Trust on the property and therefore claims a lien on

---

[1] Defendant's name is spelled "Wiemer" in the Deed of Trust. (Deed of Trust, Ex. 4 to Notice of Removal, ECF No. 1-4.)

1 the property under the Deed of Trust. (Notice of Removal, ECF No. 1.)

2 Defendant Weimer was named as record title owner of the property pursuant to a Deed

3 of Trust secured by the property, naming Washington Mutual Bank, F.A. as mortgage lender

4 and beneficiary. (Deed of Trust, Ex. 4 to Notice of Removal, ECF No. 1-4.)

5 On March 22, 2013, Plaintiff purchased the property at a foreclosure sale conducted by

6 Nevada Association Services, Inc., as agent for Villa Pacifica Homeowner's Association ("the

7 HOA") pursuant to Chapter 116 of Nevada Revised Statutes and a Notice of Delinquent Lien;

8 and a "Foreclosure Deed" conveying the property to Plaintiff was recorded on April 9, 2013.

9 (Ex. 1 to Compl.)

10 On May 22, 2013, Plaintiff filed the instant quiet title and declaratory relief action in

11 state court, alleging that its purchase extinguished all mortgage encumbrances and all interests

12 of Defendants in the property; and Defendant removed the action to this Court on June 11,

13 2013. (Compl.; Notice of Removal, ECF No. 1.)

14 Plaintiff filed the instant Motion to Remand (ECF No. 12) on July 16, 2013, and the

15 Court granted the motion at a hearing conducted February 27, 2014.  Accordingly, this Order

16 memorializes the Court's bench ruling.

17 **II. LEGAL STANDARD**

18 If a plaintiff files a civil action in state court, a defendant may remove that action to a

19 federal district court if the district court has original jurisdiction over the matter. 28 U.S.C.

20 § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v.*

21 *Upjohn Drug Co.,* 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected

22 if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d

23 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th

24 Cir. 1979)).  The removing defendant always has the burden of establishing that removal is

25 proper. *Gaus*, 980 F.2d at 566.

1    "If at any time before final judgment it appears that the district court lacks subject matter

2    jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Under 28 U.S.C. § 1332,

3    complete diversity of citizenship is required, and each plaintiff must be a citizen of a different

4    state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

5    2001).  "Nevertheless, one exception to the requirement for complete diversity is where a non-

6    diverse defendant has been 'fraudulently joined.'" *Id*.  "Although there is a general presumption

7    against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident

8    defendant, and the failure is obvious according to the settled rules of the state, the joinder of the

9    resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d

10   1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted).

11   **III. DISCUSSION**

12   For the reasons discussed below, the Court concludes that Chase, the removing

13   Defendant, has failed to establish diversity of citizenship between all parties to the action.

14   Nevada statute provides that "[a]n action may be brought by any person against another

15   who claims an estate or interest in real property, adverse to the person bringing the action, for

16   the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.

17   Chase argues that Defendant Weimer currently claims no interest in the property and

18   that any interest Defendant Weimer may assert is permanently extinguished as a result of the

19   foreclosure sale conducted pursuant to Chapter 116 of Nevada Revised Statutes.  On this basis,

20   Chase argues that Plaintiff cannot state a valid cause of action against Defendant Weimer, and

21   that therefore Defendant Weimer is fraudulently joined and need not be considered for the

22   purpose of determining subject matter jurisdiction.

23   Here, Plaintiff's claims against Defendant Weimer do not obviously fail because the law

24   is quite unsettled in this area.  Therefore, Chase has not carried its burden of establishing that

25   removal is proper and this case must be remanded.

1

**IV. CONCLUSION**

2      **IT IS HEREBY ORDERED** that the action is remanded to the Eighth Judicial District

3  Court, Clark County, Nevada.

4

5

6      **DATED** this 4th day of March, 2014.

7      _____

          Gloria M. Navarro, Chief Judge
8          United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25